UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

CASE NO.

JEAN BRIGHT,

    Plaintiff,

v.

ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

### PARTIES

4.    Plaintiff, Jean Bright ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Lee, and City of Cape Coral.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

Case 2:12-cv-00349-SPC-D_F   Document 1   Filed 07/02/12   Page 2 of 6 PageID 2

6. Defendant, AllianceOne Receivables Management, Inc. ("Defendant") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Plaintiff has never spoken to Defendant.

12. In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on March 30, 2012 at 10:22 A.M., and at such time, left the following voicemail message:

> "This message is for Jean. Ms. Jean Bright, please return the call to Danisha. My callback number is 866-385-0277. Thank you."

13. In its voicemail message of March 30, 2012, Defendant failed to notify Plaintiff that the communication was from a debt collector.

14. In its voicemail message of March 30, 2012, Defendant failed to disclose its true corporate or business name in a telephone call to Plaintiff.

15. In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name, in its voicemail message of March 30, 2012, Defendant failed to meaningfully disclose its identity to Plaintiff.

16. In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on April 2, 2012 at 7:25 P.M., and at such time, left the following voicemail message:

> "This message is for Jean. Jean Bright, hi Jean, this is Kim Arlinheim returning your call today. My contact number is 866-385-0277. Thank you."

17. In its voicemail message of April 2, 2012, Defendant failed to notify Plaintiff that the communication was from a debt collector.

18. In its voicemail message of April 2, 2012, Defendant failed to disclose its true corporate or business name in a telephone call to Plaintiff.

19. In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name, in its voicemail message of April 2, 2012, Defendant failed to meaningfully disclose its identity to Plaintiff.

20. In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on April 24, 2012 at 10:47 A.M., and at such time, left the following voicemail message:

> "Message for Jean Bright. Return call to [inaudible] at 866-385-0277. Thank you."

21. In its voicemail message of April 24, 2012, Defendant failed to notify Plaintiff that the communication was from a debt collector.

22. In its voicemail message of April 24, 2012, Defendant failed to disclose its true corporate or business name in a telephone call to Plaintiff.

23. In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name, in its voicemail message of April 24, 2012, Defendant failed to meaningfully disclose its identity to Plaintiff.

24. Defendant used false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including, but not limited to: misrepresenting that Plaintiff had called Defendant when she did not.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692d(6)

25. Plaintiff repeats and re-alleges each and every allegation contained above.

26. Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II
### VIOLATION OF 15 U.S.C. § 1692e(10)

27. Plaintiff repeats and re-alleges each and every allegation contained above.

28. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(11)

29. Plaintiff repeats and re-alleges each and every allegation contained above.

30. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f)   Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

31.    Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 28th day of June, 2012.

                          Respectfully submitted,

                          **JEAN BRIGHT**

                          By: s/ Alex D. Weisberg
                              ALEX D. WEISBERG
                              FBN: 0566551
                              WEISBERG & MEYERS, LLC
                              ATTORNEYS FOR PLAINTIFF
                              5722 S. Flamingo Rd, Ste. 656
                              Cooper City, FL 33330
                              (954) 212-2184
                              (866) 577-0963 fax
                              aweisberg@attorneysforconsumers.com